## Commonwealth v. Grove et al.

*H. M. Showalter*, for Commonwealth.

*J. A. Welsh* and *D. R. Crossgrove*, for defendants.

Lesher, P. J., April 21, 1933.—The Commonwealth of Pennsylvania, acting through its Highway Department, relocated State Highway Route No. 176, running from Lewisburg to West Milton, in Union County, Pa. This highway route extends through Kelly Township and, a short distance south of the village of West Milton, runs through a farm owned by Mary C. Grove, which is occupied by J. J. Keiser, as tenant, the defendants herein named.

The road, as laid out, runs through the dwelling on the aforesaid farm and, in order to complete the construction of the highway, it is necessary that the house be removed.

The County Commissioners of Union County endeavored to settle with Mary C. Grove, the owner, and J. J. Keiser, the tenant, but were unable to effect a settlement. J. J. Keiser, the tenant, refuses to vacate the dwelling house.

A contract has been made by the Highway Department for the building of the road, and it has been graded up to the house on both sides, but operations

were compelled to stop at this point for the reason that the tenant would not move therefrom, and the house cannot be removed.

The Commonwealth of Pennsylvania, acting through its Attorney General, William A. Schnader, on November 10, 1932, secured a rule in this court to show cause why a writ of habere facias possessionem should not be issued, directed to the Sheriff of Union County, for the purpose of ejecting J. J. Keiser from the premises for the purpose of putting the Commonwealth of Pennsylvania in immediate possession of the property aforesaid.

The question now before the court is whether or not the court has authority on the petition and rule granted thereon, without an action of ejectment, to issue a writ of habere facias possessionem.

The petition for said writ and answer thereto filed, and testimony taken, establish the fact that Highway Route No. 176 has been properly and legally relocated, and there is no question that the Commonwealth of Pennsylvania is entitled to that part of the Mary C. Grove farm through which the said highway route is laid for highway purposes.

If the construction of the said relocated highway requires the removal or demolition of a dwelling house in the occupancy of the owner, the house may be removed or demolished. This is a well-established principle of law in Pennsylvania, and the court is of the opinion that the Highway Department is entitled to immediate possession of the premises in question, the said highway route having been properly laid out according to law, under the right of eminent domain inherent in the Commonwealth of Pennsylvania. A reasonable notice should be given by the Commonwealth to the owner and occupant of the premises in question, if it is desirous of removing the house in question.

From the facts set forth in the petition and answer for rule in this case and the testimony taken at the hearing, it appears that notice was given a number of months ago to both Mrs. Grove, the owner, and to Mr. Keiser, the tenant, and the Commonwealth of Pennsylvania, through the Highway Department, may proceed to move or destroy the house in question.

The court is also of the opinion that the Commonwealth of Pennsylvania, without any further procedure, could use such force as is necessary to remove the occupant of the house. The Commonwealth of Pennsylvania has chosen to appeal to the Court of Common Pleas of Union County, and, as we have heretofore stated, the question to be determined by the court is: Can the court issue a writ of habere facias possessionem on the petition for rule to show cause and answer?

A writ of habere facias possessionem is a writ of execution in an action of ejectment. That is, had the plaintiff in this case started an action of ejectment and secured a judgment in the Court of Common Pleas of Union County, and the person in possession of the land still refused to deliver up possession, a writ of habere facias possessionem would properly issue.

The court, however, is of the opinion that the Commonwealth of Pennsylvania, having chosen to pursue its remedy for securing possession of the property in question through the courts of Union County, has placed itself in the position of any other litigant, and is entitled to no rights superior to those of any other litigant, and the court is of the opinion that, there being no judgment as a basis, the writ of habere facias possessionem prayed for in the rule cannot be granted and that the rule must be discharged.

And now, April 21, 1933, the rule granted in the above case is discharged at the cost of the Commonwealth of Pennsylvania.

An exception is noted for the Commonwealth of Pennsylvania, and a bill is sealed.                    From Miller Alanson Johnson, Lewisburg, Pa.